RECEIVED

FEB 2 0 2008

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE-OPELOUSAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | CRIMINAL NO. 98-60030-3 |
| VERSUS | JUDGE DOHERTY |
| MARIA R. LOPEZ | MAGISTRATE JUDGE METHVIN |

### MEMORANDUM RULING AND ORDER

This Court is in receipt of defendant's "Motion . . . for Modification or Reduction of Sentence . . ." [Doc. 721] filed on February 7, 2008. (The motion has been docketed as a "Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C. § 3582 by Maria Rosa Lopez.") Defendant argues due to amendments to the Sentencing Guidelines for crack cocaine offenses, her total offense level should be reduced from 31 to 29. She additionally argues:

> The Criminal History Category (Amendment 12) to the Sentencing Guidelines addresses two critical areas of Chapter Four criminal history rules: the counting of multiple prior sentences and the use of misdemeanor and petty offenses in determining a defendant's criminal history score. It is respectfully requested that this Honorable Court grant unto Petitioner/Defendant such other and further reduction of her sentence resulting from the Criminal History Category Amendment 12.[1]

[Id. at 3]

The government has responded to the motion, arguing it is premature because the amendments to the crack cocaine base offense levels are to be applied retroactively, but such retroactivity does not take effect until March 3, 2008. *See* U.S. SENTENCING GUIDELINES MANUAL,

---

[1] The Court is unaware of an Amendment 12 to the Sentencing Guidelines. It appears defendant is referring to Amendment 709, and the Court will address this argument under Amendment 709. *See* U.S. SENTENCING GUIDELINES MANUAL, app. C, ch. 4, Amend. 709. No other argument is made with respect to defendant's criminal history category (Category III) than that which is quoted above.

app. C, ch. 2, Amend. 706; *see also* 18 U.S.C. § 3582(c)(2); U.S. SENTENCING GUIDELINES MANUAL § 1B1.10. The Court agrees with the government that any motion for a reduction in sentence due to changes in the guidelines for crack cocaine offenses is, at this point, premature and cannot be addressed until the amendments become effective on March 3, 2008.[2]

Although the government has not responded to defendant's second argument - the amendment to the criminal history rules - the motion is nevertheless denied on that basis as well. First, nothing has been presented to the Court tending to show that Amendment 709 is to be applied retroactively. Second, as already noted, the sentence imposed in this matter is the statutory, mandatory minimum sentence allowed under the law. As such, it does not appear a reduction is warranted based upon the amendment to the rules which address the calculation of criminal history categories.

Considering the foregoing,

IT IS ORDERED that defendant's Motion for Retroactive Application of Sentencing Guidelines to Crack Cocaine Offense 18 U.S.C. § 3582 is DENIED WITHOUT PREJUDICE to defendant's right to re-file the motion after March 3, 2008.[3]

---

[2] Notwithstanding the above, a review of the judgment entered against defendant, her pre-sentence investigation report, and a conference with the Office of Probation reveal defendant pled guilty on August 10, 1999 to Count 1 of a sixteen-count indictment. Count 1 charged that beginning on January 1, 1991 until on or about September 9, 1998, defendant conspired with others to distribute cocaine base, a violation of 21 U.S.C. §§ 846 and 841. On January 25, 2000, defendant was sentenced to a 135 month term of imprisonment, which was the mandatory minimum sentence authorized by statute. However, defendant's guideline calculation was premised solely upon quantities of *powder* cocaine (not cocaine base), which defendant admitted *she* had sold. As such, it does not appear defendant will be entitled to a reduction in her sentence even after March 3, 2008, as Amendment 706 does not apply to powder cocaine - only cocaine base. Additionally, as the sentence imposed upon defendant was the mandatory minimum sentence allowed by statute, it does not appear she would be entitled to a reduction, even had she been held accountable for cocaine base rather than powder cocaine.

[3] Again, from what has been presented to the Court thus far, it does not appear defendant is entitled to the relief she seeks. Therefore, should defendant choose to re-file this motion, she is to address the issues noted above by the court.

IT IS FURTHER ORDERED that the Clerk of Court mail a copy of this Memorandum Ruling and Order to Rebecca Hudsmith, Office of the Federal Public Defender, and that Ms. Hudsmith advise defendant of the information contained herein.

Lafayette, Louisiana, this 20 day of February, 2008.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE