RECEIVED
APR - 7 2008
ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
for the
Western District of Louisiana

| | | |
|---|---|---|
| United States of America | ) | Case No: 6:98-cr-60030-03 |
| v. | ) | |
| Maria Rosa Lopez | ) | USM No: 79345-079 |
| | ) | |
| Date of Previous Judgment: January 25, 2000 | ) | Federal Public Defenders Office |
| (Use Date of Last Amended Judgment if Applicable) | ) | Defendant's Attorney |

## Provisional Memorandum Ruling Regarding Motion for Sentence Reduction
## Pursuant to 18 U.S.C. § 3582(c)(2)

Upon motion of ☐ the defendant ☐ the Director of the Bureau of Prisons ☒ the court under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion,

**IT IS ORDERED** that the motion will be:
 ☒ DENIED. ☐ GRANTED and the defendant's previously imposed sentence of imprisonment (as reflected in the last judgment issued) of _____ months **is reduced to** _____.

### I. COURT DETERMINATION OF GUIDELINE RANGE (Prior to Any Departures)

| | | | |
|---|---|---|---|
| Previous Offense Level: | 31 | Amended Offense Level: | 31 |
| Criminal History Category: | III | Criminal History Category: | III |
| Previous Guideline Range: | 135 to 168 months | Amended Guideline Range: | 135 to 168 months |

### II. SENTENCE RELATIVE TO AMENDED GUIDELINE RANGE
☐ The reduced sentence is within the amended guideline range.
☐ The previous term of imprisonment imposed was less than the guideline range applicable to the defendant at the time of sentencing as a result of a departure or Rule 35 reduction, and the reduced sentence is comparably less than the amended guideline range.
☐ Other (explain):

### III. ADDITIONAL COMMENTS
A review of defendant's file, particularly the judgment entered against defendant, her pre-sentence report, as well as a conference with the Office of Probation, reveal defendant pled guilty on August 10, 1999 to Count 1 of a sixteen-count indictment. Count 1 charged that beginning on January 1, 1991 until on or about September 9, 1998, defendant conspired with others to distribute cocaine base, a violation of 21 U.S.C. §§ 846 and 841. On January 25, 2000, defendant was sentenced to a 135 month term of imprisonment, which was the minimum sentence of the applicable sentencing guideline range. Additionally, defendant's guideline calculation was premised solely upon quantities of *powder* cocaine (not cocaine base), which defendant admitted *she* had sold. Consequently, defendant is not entitled to a reduction in her sentence, as Amendment 706 to the Sentencing Guidelines does not apply to powder cocaine - only cocaine base.

The parties have ninety (90) days from service of this memorandum ruling to file specific, written objections with the Clerk of Court. (See Fed.R.Cr.P. 45.) Should no objections be filed upon the expiration of the ninety day period, this Provisional Memorandum Ruling shall be entered into the Record by the Clerk of Court as this Court's Memorandum Ruling and Final Order, and all provisions of the judgment dated January 25, 2000 shall remain in effect.

**IT IS SO ORDERED.**

Order Date: April 7, 2008

Effective Date: July 6, 2008
(if different from order date)

Judge's signature

Rebecca F. Doherty, U.S. District Judge
Printed name and title

COPY SENT
DATE 4-9-08
BY CH
T) USPC 3cc
USMS 3cc